

**KENT S. ROBINSON, OSB #09625**
Acting United States Attorney
District of Oregon
**KEVIN DANIELSON, OSB #06586**
Assistant United States Attorney
kevin.c.danielson@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1025
FAX     : (503) 727-1117
  Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| JAMES W. EDGAR | Civil No. '09 6376 AA |
| Plaintiff, | NOTICE OF REMOVAL OF CIVIL ACTION |
| v. | |
| DEBORAH SCHMIDT, | |
| Defendant. | |

TO:   The United States District Court for District of Oregon

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1442, 1446(a), and on behalf of defendant Deborah Schmidt, Kent A. Robinson, Acting United States Attorney, and Assistant United States Attorney Kevin Danielson, respectfully file this Notice of Removal and, in support, state as follows:

1.   On or about November 25, 2009, a civil action was filed in the Circuit Court of Lane

PAGE - 1    NOTICE OF REMOVAL

County, Oregon, Civil Case No. 160926060.

2. The complaint alleged the following two counts against Deborah Schmidt: (1) conversion; and (2) a violation of 42 U.S.C. § 1983. Ms. Schmidt was served with the summons and complaint on December 7, 2009.

3. Defendant Deborah Schmidt is, and at all relevant times was, an employee of the United States Forest Service who was acting within the scope of her employment.

4. The United States has the statutory right to remove this action to federal court. 28 U.S.C. §§ 1442(a)(1), 1346.

5. Accompanying this Notice of Removal, the United States is filing a copy of all process, pleadings, and orders in this action as required by 28 U.S.C. § 1446(a).

6. A copy of this Notice of Removal is being served upon the Plaintiff and a copy shall be filed with the Court Clerk of Lane County, Oregon, as required by 28 U.S.C. § 1446(d).

WHEREFORE, this action now pending in the Circuit Court of Lane County, Oregon, Civil No. 160926060, is removed to this Court as provided by 28 U.S.C. § 1442.

Dated this 29th day of December 2009.

    Respectfully submitted,
    KENT S. ROBINSON
    Acting United States Attorney
    District of Oregon

    /s/ Kevin Danielson
    KEVIN DANIELSON
    Assistant U.S. Attorney
      Attorneys for Defendant

FILED
09 NOV 25 PM 2:27
CIRCUIT COURT OF OREGON
FOR LANE COUNTY
BY_____

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF LANE

| | |
|---|---|
| JAMES W. EDGAR, | Case No. 160926060 |
| Plaintiff, | **COMPLAINT** |
| v. | (Conversion; 42 U.S.C. § 1983) |
| DEBORAH SCHMIDT, | (Claim more than $10,000) |
| Defendant. | |

For his complaint, plaintiff alleges:

1.

Plaintiff James W. Edgar is a resident of Lane County.

2.

Plaintiff is the owner of several mining claims known as the "Bird's Nest" group of claims, within the Umpqua National Forest, Cottage Grove Ranger District in Lane County. The land within such claims contains anomalously high concentrations of gold and silver.

3.

Defendant Deborah Schmidt is the District Ranger for the Cottage Grove Ranger District.

4.

Plaintiff had constructed various improvements for use in mining activities, including but not limited to a pilot mill, a bunkhouse/storage shed, and generator shed, which the U.S. Forest Service recognized as reasonably incidental to plaintiff's good faith exercise of his

Page 1 – COMPLAINT

MURPHY & BUCHAL LLP
2000 SW First Avenue, Suite 420
Portland, OR 97201
503-227-1011
503-227-1034 (fax)

federal mining rights in a formal "Surface Use Determination" issued in March 2005. Plaintiff had also constructed a storage shed on the mining claim which was reasonably incidental to his good faith exercise of his federal mining rights.

5.

A dispute arose between plaintiff and defendant concerning the appropriate amount of bonding required to cover the costs of removal of reclaiming the site after mining activities.

6.

When plaintiff refused to capitulate to defendant's demands concerning an appropriate bond, defendant threatened to cause his pilot mill building, bunkhouse/storage shed and generator shed to be destroyed under color of federal law but without any legitimate excuse or authority in such law.

7.

Eventually, plaintiff capitulated, and offered to agree to the full amount of the bond she had demanded, but she nonetheless insisted upon destroying the property

**First Claim for Relief—Common Law Torts**

8.

Plaintiff realleges paragraphs 1 through 7 as if set forth herein.

9.

Defendant has committed conversion by destroying plaintiff's property, or otherwise infringed upon plaintiff's rights at common law.

10.

As a direct and proximate result of defendant's actions, plaintiff suffered damages in the amount of at least $150,000 in economic losses (the value of destroyed property) and $250,000 in non-economic losses (stress and anguish at his unconscionable treatment).

///

///

Page 2 – COMPLAINT

**Second Claim for Relief—Section 1983**

11.

Plaintiff realleges paragraphs 1 through 10 as if set forth herein.

12.

Defendant has violated federal statutory rights of plaintiff under statutes including but not limited to:

(a)  The 1872 Mining Law, 30 U.S.C. § 11 *et seq.*;

(b)  Organic Administration Act of 1897, 16 U.S.C. § 478 *et seq*;.

(c)  The National Forest Management Act (NFMA), 160 U.S.C. § 1600 *et seq.*;

(d)  The Multiple-Use Sustained Yield Act of 1960, 16 U.S.C. § 528 *et seq.* and

13.

Defendant has deprived plaintiff of his rights to property and due process of law under the U.S. Constitution.

14.

At all relevant times, defendant was acting under color of law, to whit, under the statutes, regulations and policies governing the U.S. Forest Service and its employees.

15.

Defendant acted with either malice or reckless disregard of plaintiff's rights.

16.

As a direct and proximate result of defendant's actions, plaintiff suffered damages in the amount of at least $150,000 in economic losses (the value of destroyed property) and $250,000 in non-economic losses (stress and anguish at his unconscionable treatment).

WHEREFORE, Plaintiff prays for:

1.  Damages in an amount to be provided at trial;

2.  For his costs of suit, including prevailing party fees pursuant to ORS 20.080 and

Page 3 – COMPLAINT

1 attorney fees pursuant to 42 U.S.C. § 1985; and

2     3.    For such other and further relief as the Court may deem just and proper.

3 DATED: November ___, 2009.

_____
James L. Buchal, OSB #921618
jbuchal@mbllp.com
MURPHY & BUCHAL LLP
2000 S.W. First Avenue, Suite 420
Portland, OR 97201
Tel: 503-227-1011
Fax: 503-227-1034

*Attorney for Plaintiff*

Page 4 – COMPLAINT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 29, 2009, I made service of foregoing:

**NOTICE OF REMOVAL**, by placing a copy in a first-class postage paid envelope in Portland, Oregon, for delivery via U.S. mail to the addresses set forth below:

James L. Buchal
MURPHY & BUCHAL LLP
2000 SW First Avenue, Suite 420
Portland, OR 97201
    Attorney for Plaintiff

DEANNE HOFFER
Legal Assistant
U.S. Attorney's Office
(503) 727-1072

**CERTIFICATE OF SERVICE**