**S. AMANDA MARSHALL, OSB #95347**
United States Attorney
District of Oregon
**KEVIN DANIELSON, OSB #06586**
Assistant United States Attorney
kevin.c.danielson@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR  97204-2902
Telephone: (503) 727-1025
FAX     : (503) 727-1117
  Attorneys for Defendant Debra Schmidt

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **JAMES W. EDGAR** | Civil No. 09-6376-AA |
| Plaintiff, | **DEFENDANT SCHMIDT'S AMENDED MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT** |
| v. | |
| **DEBORAH SCHMIDT, and UNITED STATES,** | |
| Defendants. | |

Defendant Deborah Schmidt, by S. Amanda Marshall, United States Attorney for

the District of Oregon, through Assistant U.S. Attorney Kevin Danielson, under Fed. R.

Civ. P. 59(e), submits the following memorandum of law in support of her motion to alter

**PAGE - 1**    Defendant Schmidt's Amended Memorandum of Law in Support of Motion
to Alter or Amend Judgment
*Edgar v. Schmidt, et al.*, CV 09-6376-AA

or amend the Order of November 9, 2011. CR 53[1]. This Court should rescind its grant of summary judgment against Defendant Schmidt because Plaintiff did not move for summary judgment against her and the Court gave her no notice or opportunity to respond before entering summary judgment against her.

## BACKGROUND

Plaintiff James Edgar alleged that Deborah Schmidt, a district ranger for the U.S. Forest Service, violated his constitutional rights and that she is personally liable for damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), after the structures on his mining claim were removed following his failure to post the required reclamation bond. CR 15 at ¶¶ 11-16. Plaintiff also alleged the United States committed conversion by destroying his property. CR 15 at ¶¶ 8-10.

After limited discovery, Defendant Schmidt moved for summary judgment and also raised the defense of qualified immunity. CR 23. The United States moved for summary judgment on the conversion claims. CR 27. This Court denied both motions for summary judgment and denied granting Defendant Schmidt qualified immunity. CR 53 at 2, 31.

---

[1] This amended Memorandum of Law is being submitted because of a technical error that was made when the pleading was converted to pdf format.

**PAGE - 2**   Defendant Schmidt's Amended Memorandum of Law in Support of Motion to Alter or Amend Judgment
*Edgar v. Schmidt, et al.*, CV 09-6376-AA

Plaintiff cross-moved for summary judgment against the United States on the conversion claim but did not move for summary judgment against Defendant Schmidt on the *Bivens* claim. CR 31. In fact, Plaintiff argued that issues of fact and the need for further discovery barred summary judgment on the *Bivens* action. CR 32 at 35-39.

Nevertheless, this Court stated in its Order that Plaintiff has moved for summary judgment against Defendant Schmidt. CR 53 at 12, 31. In addition, without prior notice to Defendant Schmidt, this Court granted summary judgment against Defendant Schmidt on Plaintiff's *Bivens* claim for alleged violations of procedural due process. CR 53 at 35.

## ARGUMENT AND AUTHORITY

Fed. R. Civ. P. 56 sets forth the rules for summary judgment. Fed. R. Civ. P. 56(f) allows a court to enter summary judgment in favor of a nonmovant under the following circumstances.

> **Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:
>
> (1) grant summary judgment for a nonmovant;
>
> (2) grant the motion on grounds not raised by a party; or
>
> (3) consider summary judgment on its own after identifying for the parties the material facts that may not genuinely be in dispute.

Fed. R. Civ. P. 56(f).

PAGE - 3    Defendant Schmidt's Amended Memorandum of Law in Support of Motion to Alter or Amend Judgment
*Edgar v. Schmidt, et al.*, CV 09-6376-AA

Here, Plaintiff did not move for summary judgment against Defendant Schmidt on the *Bivens* claim and argued there were facts in dispute that required additional discovery. Before granting summary judgment against Defendant Schmidt on the *Bivens* claim, she should have been given notice and a reasonable opportunity to present reasons why summary judgment against her is not warranted at this stage of the case, especially before the parties have completed full discovery.

When Defendant Schmidt presented her qualified immunity defense, she was restricted to the facts that were available based on the very limited discovery that has occurred so far. Moreover, she could only present those facts that she believed were undisputed, rather than those facts that are disputed but could eventually be decided in her favor by the finder of fact. If she had been given an opportunity to respond to a summary judgment motion, she could have raised those disputes. In addition, to the extent those disputes are not yet in the record, she could have raised Fed. R. Civ. P. 56(d) and pointed out that further discovery was necessary. Unresolved issues include whether Plaintiff's mining claim was still being mined and whether the structures Plaintiff left behind were modular and moveable, and hence personal rather than real property.

Similarly, Defendant Schmidt is entitled to present other aspects of the qualified-immunity defense, or other defenses, that a fuller record might establish. For instance, Defendant Schmidt is entitled to flesh out the record on the precise role she played in the

PAGE - 4     Defendant Schmidt's Amended Memorandum of Law in Support of Motion
             to Alter or Amend Judgment
             *Edgar v. Schmidt, et al.*, CV 09-6376-AA

impoundment process and show why it was not her "own misconduct" that caused the ultimate removal of Plaintiffs' structures. *Ashcroft v. Iqbal*, 129 S.Ct.1937, 1949 (2009). Also, the qualified-immunity defense protects a defendant-official when the "official claims extraordinary circumstances and can prove that [she] neither knew nor should have known of the relevant legal standard." *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982).

Accordingly, this Court should alter or amend the Order to correct the fact that Plaintiff did not move for summary judgment. This Court should alter or amend the Order and not grant summary judgment against Defendant Schmidt on the *Bivens* claims regarding procedural due process because she was not given notice and a reasonable time to respond as required by Fed. R. Civ. P. 56(f).

## CONCLUSION

As set forth above, this Court should alter or amend the judgment under Fed. R. Civ. P. 59(e).

DATED this 7th day of December 2011.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney
District of Oregon

 /s/ Kevin Danielson
KEVIN DANIELSON
Assistant United States Attorney

PAGE - 5    Defendant Schmidt's Amended Memorandum of Law in Support of Motion to Alter or Amend Judgment
*Edgar v. Schmidt, et al.*, CV 09-6376-AA